UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA HUJAZI, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OTTO MILLER, *et al.*, <br><br> Defendants. <br> _____/ | No. C-14-4852 EMC <br><br> **ORDER DENYING EMERGENCY *EX-PARTE* MOTION FOR STAY PENDING APPEAL** <br><br> **(Docket No. 3)** |

Plaintiffs-Appellants Monica Hujazi and 2141 Forest View LLC (collectively, Forest View) filed this bankruptcy appeal on October 31, 2014. Docket No. 1. On November 25, 2014, Forest View filed an emergency *ex parte* motion requesting this Court stay an order of the United States Bankruptcy Court for the Northern District of California dismissing Forest View's Chapter 11 bankruptcy petition.[1] Docket No. 3. Forest View seeks an emergency stay order from this Court because Defendant-Appellee Otto Miller has scheduled a foreclosure to occur on Forest View's property for December 1, 2014. *Id.* at 1.

As far as this Court can tell, Hujazi is the sole owner of 2141 Forest View LLC, and Forest View LLC is the sole owner of the piece of real property located at 2141 Forest View Avenue, Hillsborough, California (the Property). *Id.* Hujazi lives on the Property with her teenage daughter. *Id.*

---

[1] The Bankruptcy Court case from which Forest View takes this appeal is case number 14-30856-HLB.

An appellant seeking a discretionary stay pending appeal of a Bankruptcy Court order pursuant to Federal Rule of Bankruptcy Procedure 8006 must prove: (1) the appellant is likely to succeed on the merits of the appeal; (2) the appellant will suffer irreparable injury if the stay is not granted; (3) no substantial harm will come to the appellee on account of the stay; and (4) the stay will do no harm to the public interest. *See In re Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980); *In re O'Reilly & Collins*, No. 14-cv-3361-PJH, 2014 WL 4060693, at *3 (N.D. Cal. Aug. 14, 2014); *In re Irwin*, 338 B.R. 839, 843 (E.D. Cal. 2006). "The party moving for a stay has the burden on each of these elements." *In re Irwin*, 338 B.R. at 843 (citation omitted). If the moving party fails to satisfy any one or more of the four requirements for obtaining a stay pending appeal, that failure "dooms the motion." *Id.* (citation omitted).

For the sake of this motion, the Court assumes that Forest View has satisfied the second, third, and fourth stay factors. For instance, the Court has little doubt that the balance of the hardships tilts strongly in favor of Forest View given that Hujazi and her daughter will likely be removed from the Property (their primary place of residence) if a stay does not issue. Nevertheless, the Court denies Forest View's emergency motion because Forest View has not made an adequate showing that it is "likely to succeed on the merits of the appeal."[2] *In re Irwin*, 338 B.R. at 843. Indeed, as explained below, Forest View has not even raised serious questions about the merits of the appealed Bankruptcy Court orders.

On September 29, 2014, the Bankruptcy Court dismissed Forest View's Chapter 11 bankruptcy filings. The bankruptcy judge explained that it believed that the petition was "filed not for the legitimate purpose of reorganization, which does not appear possible, but to delay creditors in bad faith." Docket No. 7-3 at 4. The judge noted that Forest View filed a reorganization plan without a required disclosure statement, and that the proposed plan was further "unconfirmable" on the merits. *Id.* at 5-6. After recounting the various defects in the reorganization plan, the judge concluded that it was "dead in the water." *Id.* at 6. The Bankruptcy Court then noted numerous

---

[2] Both Miller and co-appellee First Foundation Bank filed oppositions to Forest View's motion, and both argue that the motion should be denied because it was improperly filed under Bankruptcy Code Section 327. *See, e.g.*, Docket No. 7 at 6-7. Because the Court denies Forest View's motion on the merits, it need not address any of Appellee's additional arguments.

other defects in Forest View's filings.  For instance, Forest View apparently "disputes the validity of Mr. Miller's lien, but has taken no action whatsoever to adjudicate that issue in this Court or any other."[3]  *Id.* at 5.  Forest View sought a stay pending appeal from the bankruptcy judge, but its motion was denied on November 19, 2014.  Docket No. 4 at 23.

On appeal, this Court will review the Bankruptcy Court's dismissal of Forest View's bankruptcy petition for abuse of discretion, and will review the Bankruptcy Court's express finding of bad faith for clear error.  *See In re St. Paul Self Storage, Ltd. P'Ship*, 185 B.R. 580, 582 (9th Cir. BAP 1995) (citations omitted).  But Forest View has made absolutely no showing in its emergency motion that the Bankruptcy Court's orders were even erroneous, let alone clearly so.  By way of example, Forest View's emergency motion says nothing about the Bankruptcy Court's determination that it filed a plan without the required disclosure statement, nor does it address the bankruptcy judge's determination that the defective reorganization plan was so divorced from reality that it was "dead in the water" and "unconfirmable."  Docket No. 7-3 at 5-6.  Similarly, Forest View has not cited anything to this Court that would even call into question the Bankruptcy Court's finding of bad faith.  Forest View claims that the judge's bad faith finding was impermissibly based on the judge's "character analysis of Monica Hujazi in regards to another unrelated bankruptcy."  Docket No. 3 at 10.  Forest View's contention is not accurate.  Rather, the bankruptcy judge concluded, based on her knowledge of Hujazi's demonstrated "persistent . . . gross mismanagement" and "glib disregard for the provisions of the Bankruptcy Code" in a different bankruptcy filing, and Hujazi's resistance to the appointment of a trustee in the Forest View bankruptcy, that she could not be trusted with the fiduciary duties as the debtor's responsible individual; it was also evidence of her bad faith in filing the bankruptcy petition.  This Court sees nothing clearly erroneous with that conclusion.

---

[3] In its emergency motion, Forest View again expresses its desire to collaterally attack the validity of the lien against the Property that Miller obtained in California state court.  *See* Docket No. 3 at 8-13.  This Court will not, and need not, consider Forest View's arguments regarding the validity of Miller's lien.  This Court's sole task in deciding whether to grant a stay pending appeal of the Bankruptcy Court's orders is to determine whether those orders were likely decided correctly on the merits.  Determining the validity of a separate state court's orders is simply not within the ambit of that assignment.  The Court notes Forest View fails to explain why it did not at the outset seek to challenge the validity of the lien in Superior Court.

3

Because Forest View has not established that it is "likely to succeed on the merits of the appeal," *In re Irwin*, 338 B.R. at 843, its emergency motion for a stay pending appeal is **DENIED**. This order disposes of Docket No. 3.

IT IS SO ORDERED.

Dated: November 26, 2014

_____
EDWARD M. CHEN
United States District Judge

4